IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**District Judge R. Brooke Jackson**

Civil Action No. 16-cv-01966-RBJ

DEAN WILDERMUTH, a/k/a Shane McKnight,

    Applicant,

v.

JAMES KEY, Superintendent,
JOE MORALES, Colorado Board of Parole,
BRANDON SHAFFER, Colorado Board of Parole, and
DENISE BALAZIC, Colorado Board of Parole,

    Respondents.

---

ORDER ON APPLICATION FOR A WRIT OF HABEAS CORPUS

---

Applicant, Dean Wildermuth, has filed an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (Docket No. 7) challenging a decision by the Colorado Parole Board to deny him parole. Respondents have filed a Response to the Application (Docket No. 21), and Applicant has filed a Reply. (ECF No. 22). For the reasons discussed below, the Application is DENIED.

**I. Background and Habeas Application**

Mr. Wildermuth was convicted of first degree murder in 1975. (Docket No. 7 at 6). He is serving a life sentence, with the possibility of parole. (*Id.* at 12, 15). Applicant has appeared before the Colorado Parole Board several times, but has been denied parole each time. *See Wildermuth v. Furlong*, 147 F.3d 1234, 1235 (10th Cir. 1998). (*See also* Docket No. 7 at 20; 8/8/12 Notice of Colorado Parole Board Action). Most recently, Mr.

Wildermuth was denied parole on August 5, 2015. (*Id.* at 21; 8/5/15 Notice of Colorado Parole Board Action). He is eligible for parole consideration again in 2020. (*Id.* at 19).

Mr. Wildermuth initiated this action on August 2, 2016. In the § 2241 Application, he claims that the Colorado Parole Board's August 5, 2015 decision to deny him parole violated his federal due process rights. (*Id.* at 6, 11-12, 21). Applicant further claims that the Parole Board's decision was arbitrary and capricious and constituted an abuse of discretion. (*Id.* at 8, 11). Mr. Wildermuth asserts that he was not given sufficient notice of the reasons for denial; that the Board failed to consider any positive and extenuating circumstances concerning his behavior in prison; and, that he was not informed about what steps he should take to enhance his chances of being released at his next parole review. (*Id.* at 7, 8). For relief, Mr. Wildermuth seeks a court order directing the Colorado Parole Board to hold a new hearing and "to consider only permissible factors." (*Id.* at 13).

**II**. **Jurisdiction**

Although neither party has challenged the Court's statutory jurisdiction over the § 2241 Application, the Court is mindful of it independent obligation to determine whether subject matter jurisdiction exists. *See Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999).

Pursuant to 28 U.S.C. § 2241(a), a writ of habeas corpus may be granted by "the district courts and any circuit judge within their respective jurisdictions." In most cases, there is "only one proper respondent to a given prisoner's habeas petition," and the proper respondent generally is "the warden of facility where the prisoner is being held." *Rumsfeld v. Padilla*, 542 U.S. 426, 434-35 (2004). However, there are exceptions to the

general rule that the "custodian" is the warden of the institution where the petitioner is confined, and that the petition must be brought in the district of confinement.

In *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484 (1973), the Supreme Court recognized that "[t]he writ of habeas corpus does not act upon the prisoner who seeks relief, but upon the person who holds him in what is alleged to be unlawful custody." *Id.* at 494-95. In that case, the petitioner was serving a sentence in an Alabama prison pursuant to an Alabama conviction but he was challenging a detainer lodged against him in Kentucky state court. *Id.* 486-87. The Supreme Court held that the Kentucky court, rather than the Alabama warden, was the proper respondent. *Id.* at 494-95. The Supreme Court observed that "the State holding the prisoner in immediate confinement acts as agent for the demanding State, and the custodian State is presumably indifferent to the resolution of the prisoner's attack on the detainer." *Id.* at 498-99. The Court's conclusion was supported in part by traditional venue considerations because "[i]t is in Kentucky, where all of the material events took place, that the records and witnesses pertinent to petitioner's claim are likely to be found." *Id.* at 493-94.

Mr. Wildermuth is a Colorado state prisoner who is currently incarcerated in a Washington state prison pursuant to an interstate compact. Colorado, not Washington, has custody and control over Mr. Wildermuth and the execution of his sentence. The federal district court in Washington has no jurisdiction over Colorado parole officials or the execution of Applicant's Colorado-imposed sentence. Stated otherwise, the Respondent superintendent of the Washington prison in which Mr. Wildermuth is confined does not "exercise[ ] legal control with respect to the challenged 'custody.'"

*Padilla*, 542 U.S. at 438. Under these circumstances, the State of Colorado, acting through the Colorado Parole Board officials, is Mr. Wildermuth's "true custodian." *See Holder v. Curley*, 749 F.Supp.2d 644, 647 (E.D.Mich. 2010) (concluding that the habeas petitioner's "'true custodian' is the Pennsylvania Department of Corrections. The only connection between Petitioner's Pennsylvania state-court conviction and Michigan is that Petitioner is housed in Michigan pursuant to a contractual agreement."); *Williams v. Miller-Strout*, No. 05-CV-864-ID, 2006 WL 3147667 at *1 and n.2 (M.D. Ala. 2006) (noting that the petitioner, who was currently incarcerated in a Washintgon state prison pursuant to an interstate compact between the State of Washington and the State of Alabama, was under the custody and control of the Alabama Department of Corrections, and that the Alabama Board of Pardons and Parole "directly controls whether Petitioner remains in custody"). The Court thus finds that jurisdiction over the § 2241 Application is proper in the District of Colorado.

**III. Legal Standards**

An application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 "is an attack by a person in custody upon the legality of that custody, and the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973); *see also McIntosh v. United States Parole Comm'n*, 115 F.3d 809, 811 (10th Cir.1997). A challenge to the denial of parole is properly brought under 28 U.S.C. § 2241. *Henderson v. Scott*, 260 F.3d 1213, 1214 (10th Cir. 2001). Habeas corpus relief is warranted only if Mr. Wildermuth "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).

4

The Court must construe Mr. Wildermuth's filings liberally because he is not represented by an attorney. *Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted); *see also Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). However, a *pro se* litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir.1991). An applicant's pro se status does not entitle him to an application of different rules. *See Montoya v. Chao*, 296 F.3d 952, 957 (10th Cir. 2002).

**IV. Analysis**

Mr. Wildermuth challenges the Colorado Parole Board's August 2015 decision to deny him parole as a deprivation of his federal due process rights.[1]

The Due Process Clause of the Fourteenth Amendment of the United States Constitution prohibits the state deprivation of life, liberty, or property without due process of law. *See Templeman v. Gunter*, 16 F.3d 367, 369 (10th Cir. 1994). Mr. Wildermuth was not deprived of life or property when he was denied release on parole. His claim therefore must implicate a constitutionally-protected liberty interest. *See Kentucky Dep't of Corrections v. Thompson*, 490 U.S. 454, 460 (1989).

Generally, a liberty interest may arise from either the United States Constitution or state law. *See Fristoe v. Thompson*, 144 F.3d 627, 630 (10th Cir.1998); *Boutwell v. Keating*, 399 F.3d 1203, 1213 (10th Cir. 2005) (recognizing that a state statute may "create a liberty interest when the statute's language and structure sufficiently limits the

---

1 In the Preliminary Response, Respondents conceded that the instant action was timely filed within one year after the August 5, 2015 denial of parole. *See* 28 U.S.C. § 2244(d). (Docket No. 11 at 2). Applicant is not required to exhaust state court remedies prior to challenging the denial of parole in a federal habeas corpus action. *See Wildermuth*, 147 F.3d at 1237 n.1 Cir.1992). Therefore, the Court considers the merits of Applicant's due process claim.

5

discretion of a parole board."). The Constitution itself does not create a protected liberty interest in a prisoner's release prior to the expiration of a valid sentence. *See Swarthout v. Cooke*, 562 U.S. 216, 220 (2011) (per curiam); *Greenholtz v. Inmates of Neb. Penal and Corr. Complex*, 442 U.S. 1, 7 (1979). Furthermore, a review of the applicable Colorado parole scheme demonstrates that Mr. Wildermuth does not have a legitimate claim of entitlement to parole under Colorado law.

Inmates in Colorado generally are subject to a discretionary parole system unless they were convicted of offenses committed between July 1, 1979, and June 30, 1985. *See Thiret v. Kautzky*, 792 P.2d 801, 805 (Colo. 1990). Mr. Wildermuth was convicted of murder in 1975. As such, he is subject to Colorado's discretionary parole scheme. *Id.*; *see also* COLO. REV. STAT. ("C.R.S.") § 17-2-201(5)(a) (2017) ("as to any person sentenced for conviction of a felony committed prior to July 1, 1979, . . .the board has the sole power to grant or refuse to grant parole. . . "); *Martinez v. Furlong*, 893 P.2d 130, 131 (Colo.1995) (en banc).

Mr. Wildermuth has no entitlement to parole under a discretionary parole scheme. *Greenholtz*, 442 U.S. at 7; *see also Straley v. Utah Bd. of Pardons*, 582 F.3d 1208, 1214 (10th Cir. 2009). Nonetheless the Tenth Circuit has recognized that federal habeas relief may be warranted where the decision to deny parole constituted an abuse of the parole board's discretion such that it "resulted in an abridgement of the petitioner's constitutional rights." *Wildermuth*, 147 F.3d at 1236. *See also* S*chuemann v. Colorado State Bd. of Adult Parole*, 624 F.2d 172, 173 (10th Cir.1980) (stating that a court "may review [a] decision of the parole board to determine if it was arbitrary, capricious or an abuse of discretion.").

The Court first considers the state procedures applicable to parole proceedings. Colorado law does not create any limits on the procedures to be used by the parole board when it considers a state prisoner's parole application. State law provides only that a parole interview shall be conducted by one or more parole board members as follows:

> [W]henever an inmate initially applies for parole, the board shall conduct an interview with the inmate. At such interview at least one member of the board shall be present. Any final action on an application shall not be required to be made in the presence of the inmate or parolee, and any such action shall require the concurrence of at least two members of the board. When the two members do not concur, a third member shall review the record and, if deemed necessary, interview the applicant and cast the deciding vote. Any subsequent application for parole shall be considered by the board in accordance with the provisions of paragraph (a) of subsection (4) of this section.
> . . .
>
> When a recommendation has been made before the board for revocation or modification of a parole, the final disposition of such application shall be reduced to writing. The parolee shall be advised by the board of the final decision at the conclusion of the hearing or within a period not to exceed five working days following said hearing; however, a parolee may waive the five-day notice requirement. A copy of the final order of the board shall be delivered to the parolee within ten working days after the completion of the hearing.

§ 17–2–201(9)(a)(I) and (b), C.R.S. (2017). The statutory procedure was followed in Mr. Wildermuth's case and he does not contend otherwise. Therefore, the question remaining is whether the denial of parole was arbitrary, capricious or an abuse of discretion.

The Colorado Parole Board may not release an offender on parole unless "there is a strong and reasonable probability that the person will not thereafter violate the law and that release of such person . . . is compatible with the welfare of society." § 17-2-201(4), C.R.S. The parole board's decision regarding whether to release an inmate is "subtle

7

and depends on an amalgam of elements, some of which are factual but many of which are purely subjective appraisals by the Board members based upon their experience with the difficult and sensitive task of evaluating the advisability of parole release." *Greenholtz*, 442 U.S. at 9-10. On federal habeas review, the Court's "inquiry is only whether there is a rational basis in the record for [the parole board's] conclusions embodied in its statement of reasons." *Mulberry v. Neal*, 96 F.Supp.2d 1149, 1151 (D. Colo. 2000). "So long as there was sufficient evidence before the Parole Board to support its decision, its actions are not an abuse of discretion." *Id.* Federal courts may not reweigh evidence, rule on credibility matters, or substitute their judgment for the judgment exercised by a parole board. *Fiumara v. O'Brien*, 889 F.2d 254, 257 (10th Cir. 1989).

Mr. Wildermuth was denied parole based on the circumstances and violent nature of his offense. (Docket No. 21-1, Declaration of Jennifer Wagoner, Colorado Parole Board Administrator, at ¶7, and attached Notice of Colorado Parole Board Action dated 8/5/15). Although the parole board's explanation in the notice of action is terse, there is no question that the nature of the crime committed is a proper factor for consideration by the parole board. *See Schuemann*, 624 F.2d at 174; *see also Childs v. Clements*, No. 12-cv-01401-CMA, 2013 WL 389087 at *5 (D. Colo. Jan. 31, 2013) (concluding that decision to deny parole based on the nature of the offense was sufficient and not an abuse of discretion). Moreover, "[i]t would be discordant to require unduly specific and detailed reasons from a Board vested with a subjective, predictive, and experimental function." *Schuemann*, 624 F.2d at 174. The Court thus finds that there was a rational basis for the Parole Board's decision to deny parole. Consequently, Mr. Wildermuth fails

to demonstrate the parole board's decision was arbitrary, capricious or an abuse of discretion.

Mr. Wildermuth argues in his Reply that the Parole Board failed to consider "the totality of the circumstances" in denying parole. Applicant emphasizes that he was 20 years old when he committed the murder; that he has served over forty years in prison; and, during that time he had only one penal code violation (in 1987). (Docket No. 22 at 2). Mr. Wildermuth further states that while in prison, he has completed higher level education courses, work programs, and attended Alcoholics Anonymous and anger management classes. (*Id.* at 3; *see also* Docket No. 21-1 at 5-12).

The Colorado Parole Guidelines provide that "[i]n considering offenders for parole, the state board of parole shall consider the totality of the circumstances," which include, but are not limited to, the offender's completion of treatment or other programs in prison; the offender's institutional conduct; and, the offender's work toward or completion of education classes. Section 17-22.5-404(a), C.R.S. (2017). Even so, "[t]he determination of how to monitor an offender's progress and what, if any, weight the Parole Board chooses to place on the evidence before it are matters solely for the Parole Board's consideration and discretion." *White v. People,* 866 P.2d 1371, 1373 (Colo. 1994). Mr. Wildermuth presented his evidence of rehabilitation and education to the Parole Board, but the Board decided to deny parole based on the fact that Mr. Wildermuth committed a murder, which is a class one felony and crime of violence.[2] The denial of parole was not arbitrary or an abuse of discretion.

---

2 *See* §18-3-102(3) and § 18-1.3-406(2)(a)(II)(B), C.R.S. (2017).

And, finally, to the extent Mr. Wildermuth argues that the Parole Board must review his application sooner than the five year review indicated on the Notice of Colorado Parole Board Action, Colorado law provides otherwise. Pursuant to § 17-2-201(4)(a), C.R.S., the Parole Board need only reconsider granting parole once every five years to a person convicted of a class I or class 2 felony that constitutes a crime of violence. Accordingly, Mr. Wildermuth is not entitled to parole consideration again until 2020.

**V. Orders**

For the reasons discussed above, it is

ORDERED that Applicant Dean Wildermuth's Application For a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (Docket No. 7) is DENIED and this action is DISMISSED on the merits. It is

FURTHER ORDERED that no certificate of appealability will issue because Mr. Wildermuth has not made a substantial showing that jurists of reason would find it debatable whether the jurisdictional and procedural rulings are correct and whether the Application states a valid claim of the denial of a constitutional right. It is

FURTHER ORDERED that pursuant to 28 U.S.C. § 1915(a)(3), the Court certifies that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Mr. Wildermuth files a notice of appeal he also must pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

Dated October 24, 2017, at Denver, Colorado.

BY THE COURT:

_____
R. BROOKE JACKSON
United States District Judge